## SUPREME COURT.

FRANCIS VOSE agt. THE FLORIDA RAILROAD COMPANY *et al.*

Where the appellate court has sent a case back for the trial of a single remaining question, which belongs to the jury, the special term will order the cause put upon circuit calendar, notwithstanding objections that other issues are involved and unsettled.

*Special Term, February,* 1873.

MOTION to strike cause from calendar, upon the ground that it belongs to the circuit.

WILLIAM C. TRAPHAGEN, *for motion.*

STRONG & SHEPARD, *opposed.*

VAN BRUNT, *J.*—This motion is based upon the ground that the only question remaining to be tried in this action is the liability of the defendant, Yulee, as indorser of certain promissory notes mentioned in the complaint, and that that issue should be tried by a jury.

The plaintiff, in opposition to the motion, claims that there still remains another issue to be disposed of besides the question of Yulee's liability as indorser, viz., that of his right to be subrogated to all the rights of the Florida Railroad Company, or of Yulee, as indorser for said company, against the defendants Dickerson and associates, in all securities hypothecated by them, as indemnity for said notes or indorsements. The complaint has been dismissed as to all the defendants except Yulee, and, it seems to me, very clear that this question of subrogation cannot now be litigated in this action, because Edward N. Dickerson and associates are not now before the court, and they have the right to be heard upon that

question, and it cannot be determined in their absence; and it is evident, from a reading of the opinion in the court of appeals, that in sending the case back as to the defendant Yulee, they had no idea that any question remained to be tried except the question of how much Yulee was liable for as indorser.

It would appear, therefore, that as the question of subrogation cannot possibly be now tried in the action, that it is a proper case for the circuit.